
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

JUL 15 2011

CLERK, U.S. DISTRICT COURT
by_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MAYOR JAMES GOSEY OF THE CITY §
OF FOREST HILL and JAMES §
GOSEY, INDIVIDUALLY, §
§
            Plaintiff, §
§
VS. § NO. 4:11-CV-047-A
§
THE CITY OF FOREST HILL, TEXAS, §
§
            Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant,

The City of Forest Hill, Texas, ("City") to dismiss the second

amended complaint of plaintiff, James Gosey, for failure to state

a claim upon which relief can be granted.  After having

considered such motion, plaintiff's response thereto, City's

reply, plaintiff's second amended complaint, and pertinent legal

authorities, the court has concluded that the motion should be

granted.

I.

Nature of the Action

By this action, plaintiff, the mayor of City, seeks to hold

City liable for injuries he allegedly suffered in connection with

his suspension from office in December 2010. In summary, plaintiff alleges in his second amended complaint that four members of the City council voted to suspend him based on trumped-up allegations that he violated the City code of ethics and then caused the false allegations and the fact of his suspension to be published to the public at large, thereby damaging his good name, reputation, and employment. Based on these allegations, plaintiff asserts claims against City for violation of his "constitutional right to be free from injury to reputation,"[1] Second Am. Compl. at 6, defamation, and false light.

## II.

### Grounds of the Motion

City contends that plaintiff's second amended complaint fails to state a claim upon which relief can be granted because:

1.   There is no federal constitutional right to be free from injury to reputation;

2.   City has governmental immunity from plaintiff's defamation claim; and

---

[1]Plaintiff's claim that City violated his constitutional right to be free from injury to reputation is brought pursuant to 42 U.S.C. § 1983.

> 3. Texas law does not recognize the tort of false light.

## III.

## Analysis

A. **Plaintiff's Claims for Defamation and False Light**

Plaintiff did not provide a response to the grounds of City's motion directed to his claims for defamation and false light. The court has reviewed the authorities cited by City and has determined that such grounds have merit. As City correctly points out, the Texas Tort Claims Act expressly preserves City's immunity from suit for intentional torts such as defamation, Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011); and, Texas law does not recognize the tort of false light, Cain v. Hearst Corp., 878 S.W.2d 577, 584 (Tex. 1994). Therefore, the court is granting City's motion as to plaintiff's claims for defamation and false light.

B. **Plaintiff's Claim Under 42 U.S.C. § 1983**

Plaintiff's only remaining claim is his § 1983 claim that City violated his "constitutional right to be free from injury to reputation." Second Am. Compl. at 6. City contends that such claim should be dismissed because there is no constitutional

right to be free from injury to reputation, citing the holding in

Paul v. Davis, 424 U.S. 693, 712 (1976), that injury to

reputation, even when inflicted by the state, does not amount to

a deprivation of liberty or property protected by the Due Process

Clause of the Fourteenth Amendment.  In his response, plaintiff

apparently agrees that injury to reputation, alone, would not be

a constitutional deprivation, but argues that his claim should

survive dismissal because it is based on injury to his reputation

and injury to his property interest in his employment.

The court finds plaintiff's argument unpersuasive.  Because

he is an elected official, plaintiff has no property interest in

his position as mayor.  See Snowden v. Hughes, 321 U.S. 1, 7

(1944); Taylor & Marshall v. Beckham, 178 U.S. 548, 577 (1900).

Thus, to the extent plaintiff bases his § 1983 claim on a

contention that he was deprived of a property interest in his

employment, his claim should be dismissed.

Although plaintiff never uses the term "liberty interest,"

the thought occurs to the court that plaintiff might be trying to

say in his response that his claim is for deprivation of a

liberty interest of the kind described in Bledsoe v. City of Horn

Lake, 449 F.3d 650, 653 (5th Cir. 2006).  In Bledsoe, the Fifth

Circuit explained that a liberty interest protected by the Due

Process Clause may be implicated when the government discharges

an employee in a manner that creates a false and defamatory

impression about him:

> If the government discharges an employee amidst
> allegations of misconduct, the employee may have a
> procedural due process right to notice and an
> opportunity to clear his name.  Neither damage to
> reputation alone nor the stigma resulting from the
> discharge itself triggers the protections of due
> process.  Rather, a liberty interest is infringed, and
> the right to notice and an opportunity to clear one's
> name arises, only when the employee is discharged in a
> manner that creates a false and defamatory impression
> about him and thus stigmatizes him and forecloses him
> from other employment opportunities.

Id. (footnotes and internal quotation marks omitted); accord

Rosenstein v. City of Dallas, 876 F.2d 392, 395-96 (5th Cir.

1989); White v. Thomas, 660 F.2d 680, 684 (5th Cir. 1981).

Even if the court were to assume that plaintiff is making

the type of claim described in Bledsoe, City still would be

entitled to dismissal.  To prevail on a claim that City deprived

him of a liberty interest plaintiff would have to show that: (1)

he was discharged; (2) stigmatizing charges were made against him

in connection with the discharge; (3) the charges were false; (4)

he was not provided notice or an opportunity to be heard prior to

his discharge; (5) the charges were made public; (6) he requested

a hearing to clear his name; and (7) City refused his request for

a hearing.  <u>Bledsoe</u>, 449 F.3d at 653.  Plaintiff has not alleged in his second amended complaint any facts establishing that he requested a hearing to clear his name and that City denied such a request.  Moreover, the court has been unable to locate any decision of the Fifth Circuit indicating that an elected official, as opposed to an employee, would have a liberty interest of the type described in <u>Bledsoe</u>.

Thus, the court concludes that plaintiff has not alleged facts showing that he was deprived of a right protected by the Constitution.  As a result, his second amended complaint fails to state a claim upon which relief can be granted under § 1983, and that claim should be dismissed.

IV.

<u>Order</u>

For the reasons given above,

The court ORDERS that all claims asserted by plaintiff against City be, and are hereby, dismissed.

SIGNED July 15, 2011.

_____
JOHN McBRYDE
United States District Judge